UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD MARINO,                          :

                Plaintiff,        :    Case No.  07-cv-7726 (RJH)(DFE)

v.                                       :    ECF CASE

GLOBAL CAPITAL HOLDINGS                  :
MANAGEMENT, LLC and JOSEPH               :    AFFIDAVIT IN SUPPORT OF MOTION
PALLADINO,                                    FOR DEFAULT JUDGMENT
                                         :
                Defendants.       :

                                         :

                                         :

                                         :

MICHAEL H. LEVISON, being duly sworn, deposes and says:

1.      I am counsel at the firm Day Pitney LLP, attorneys for Plaintiff Richard Marino ("Marino").

2.      I have personal knowledge of the facts and circumstances set forth herein, except for matters stated on information and belief, and as to those matters, I believe the information to be true.  If called as a witness, I could and would competently testify to the matters set forth herein.

## Complaint

3.      Annexed hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of the Complaint filed in this Action.

## Subject Matter Jurisdiction

4.      Marino is an individual who resides in the State of Florida.

5.    Upon information and belief, Defendant Joseph Palladino ("Palladino") is an individual and resident of the State of New York.

6.    Upon information and belief, Palladino is the sole member and manager of Defendant Global Capital Holdings Management, LLC ("GCHM"). As such, and as Palladino is a citizen of New York, GCHM (a limited liability company) is considered a New York citizen for the purposes of a diversity analysis under 28 U.S.C. § 1332(a).

7.    Accordingly, it respectfully submitted that this Court has subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy is in excess of $75,000.00 (as set forth in the Complaint annexed hereto as Exhibit "A"), exclusive of interest and costs, and there is diversity between the parties.

8.    As such, this Court has subject matter jurisdiction over this matter.

**Personal Jurisdiction**

9.    Section 13 of the Note (as that term is defined in the Complaint) provides, inter alia, that GCHM knowingly, intentionally and voluntarily submits to the personal jurisdiction of a federal court located in New York County in connection with any action arising from or relating to the Note.

10.    Likewise, Section 6(c)(ii) of the Guaranty (as that term is defined in the Complaint) provides, inter alia, that Palladino knowingly, intentionally and voluntarily submits to the personal jurisdiction of a federal court located in New York County in connection with any action arising from or relating to the Guaranty.

11.    As this Action arises from and relates to the Note and Guaranty (which were both entered into in the State of New York), it is submitted that both GCHM and Palladino

2

knowingly, intentionally and voluntarily submitted to the jurisdiction of any federal court located in New York County, including this Court.

12.     Annexed hereto collectively as Exhibit "B" and incorporated herein by reference are true and correct copies of two affidavits of Yariela Gonzales attesting to the fact that, inter alia, Defendant Palladino and GCHM were personally served with, *inter alia*, the subject Summons and Complaint on September 11, 2007.

13.     As such, this Court has personal jurisdiction over this matter.

### Palladino Is Neither An Infant Nor An Incompetent

14.     Upon information and belief, Palladino is neither an infant nor an incompetent.

### Additional Notice To Palladino

15.     On October 25, 2007, your affiant gave Palladino notice of our intention to move for a Default Judgment when I wrote to Palladino, informing him that we intended to file this Motion and enclosing a copy of this Motion.

16.     Annexed hereto as Exhibit "C" and incorporated herein by reference is a true and correct copy of the October 25, 2007 letter to Palladino, which was delivered to Palladino's home in New York via Federal Express (the "Additional Notice").

### Certificate Of Default

17.     Annexed hereto as Exhibit "D" and incorporated herein by reference is a true and correct copy of the Clerk of Court's Certificate of Default.

### Attorneys' Fees

18.     By his Motion, Marino does not seek an award of attorneys' fees.

3

## **Proposed Default Judgment**

19.     Annexed hereto as Exhibit "E" and incorporated herein by reference is

proposed Default Judgment.

MICHAEL H. LEVISON

Sworn to before me this
31st day of October, 2007

Notary Public

FABIANA C. SIQUEIRA
NOTARY PUBLIC OF NEW JERSEY
Qualified in Union County
My Commission Expires 09/25/2009

4

Exhibit A

**JUDGE HOLWELL**

## UNITED STATES DISTRICT COURT
## SOUTH DISTRICT OF NEW YORK

RICHARD MARINO,

                        Plaintiff,

v.

GLOBAL CAPITAL HOLDINGS
MANAGEMENT, LLC and JOSEPH
PALLADINO,

                        Defendants.

Case No.

**COMPLAINT**

AUG 3 0 2007

**07 CIV 7726**

Plaintiff Richard Marino ("Marino"), by his attorneys Day Pitney LLP, as and for its Complaint against Global Capital Holdings Management, LLC and Joseph Palladino, alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is diversity between the parties.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(a).

### THE PARTIES

3.     Marino is an individual and resides in Gulf Stream, Florida.

4.     Upon information and belief, Defendant Global Capital Holdings Management, LLC ("GCHM") is a Delaware limited liability company, with its principal place of business at 244 5th Avenue, New York, New York.

5.      Upon information and belief, Defendant Joseph Palladino ("Palladino") is an individual and resident of the State of New York who resides at 244 5th Avenue, New York, New York and is the sole member and manager of GCHM.

## FACTS

6.      In or about June 2007, for good and valuable consideration, GCHM entered into that certain Promissory Note dated as of August 24, 2006 (as at any time amended, the "Note") with Marino pursuant to which GCHM agreed to pay to Marino the principal sum of $2,900,000.00, with interest thereon at the rate provided therein. A true and correct copy of the Note is annexed hereto as Exhibit "1" and is incorporated herein by reference.

7.      The Note provides, *inter alia*, that the entire principal balance due under the Note, plus accrued and unpaid interest thereon, shall be due and payable on July 10, 2007 (the "Maturity Date") and provides that a default (an "Event of Default") would occur thereunder, *inter alia*, if GCHM should fail to make the required payment due under the Note on the Maturity Date (the "Maturity Payment").

8.      In or about June 2007, and in order to induce GCHM to enter into the Note and for other good and valuable consideration, Palladino executed and delivered to Marino a Guaranty dated as of August 24, 2006 (the "Guaranty"), wherein Palladino, *inter alia*, unconditionally and absolutely guaranteed to Marino, all payment and performance obligations of GCHM under the Note. A true and correct copy of the Guaranty is annexed hereto as Exhibit "2" and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract Against GCHM)

20.      Marino refers to and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

2

21.    GCHM defaulted under the terms of the Note by, *inter alia*, failing to pay to Marino the Maturity Payment when due (the "Default").

22.    On July 11, 2007, Marino wrote to GCHM advising GCHM that the Note was past due and demanding that GCHM immediately pay all amounts due and owing under the terms of the Note. A copy of the aforementioned July 11, 2007 letter is annexed hereto as Exhibit "3" and incorporated herein by reference.

23.    Despite said demand, GCHM has failed to pay all amounts due and owing under the terms of the Note.

24.    As of August 22, 2006, there was due and owing to Marino by GCHM, an amount not less than $2,900,000.00, plus interest, attorneys' fees and any other amounts due under the terms of the Note.

25.    Marino has performed all of its obligations under the terms of the Note to the extent that there were any such obligations.

26.    By reason of the foregoing, Marino is entitled to an award of judgment against GCHM, in an amount not less than $2,900,000.00, plus interest, attorneys' fees and any other amounts due under the terms of the Note.

## SECOND CLAIM FOR RELIEF
### (Breach of Guaranty Against Palladino)

44.    Marino refers to and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

45.    By reason of the terms of the Guaranty, Palladino is personally liable to pay all of GCHM's obligations under the Note to Marino.

46.    On July 11, 2007, Marino wrote to Palladino advising Palladino that the Note was past due and demanding that Palladino immediately pay all amounts due and owing under the

3

terms of the Guaranty. A copy of the aforementioned July 11, 2007 letter is annexed hereto as Exhibit "4" and incorporated herein by reference.

47. Despite said demand, Palladino has failed to pay any of the amounts due and owing under the terms of the Guaranty.

48. Marino has performed all of its obligations under the terms of the Guaranty to the extent that there were any such obligations.

49. By reason of the foregoing, Marino is entitled to an award of judgment against Palladino, in an amount not less than $2,900,000.00, plus interest, attorneys' fees and any other amounts due under the terms of the Guaranty.

**WHEREFORE,** Marino, respectfully demands judgment against Defendants GCHM and Palladino as follows:

    (a)    On the First Claim for Breach of Contract against GCHM, in an amount not less than $2,900,000.00, plus interest, attorneys' fees and any other amounts due under the terms of the Note, all of which continue to accrue;

    (b)    On the Second Claim for Breach of Guaranty against Palladino, in an amount not less than $2,900,000.00, plus interest, attorneys' fees and any other amounts due under the terms of the Guaranty, all of which continue to accrue;

4

(c)     Awarding to Marino such other and further relief which as to this Court seems

just and proper.


Dated: New York, New York
       August 28, 2007

                                    DAY PITNEY LLP
                                    Attorneys for Plaintiff Richard Marino


                                    By:    _____
                                           Michael H. Levison, Esq. (ML 8303)


                                    7 Times Square
                                    New York, NY 10036-7311
                                    Telephone:     (212) 297-5800
                                    Facsimile:     (212) 916-2940

EXHIBIT 1

## PROMISSORY NOTE

Note Amount:  $2,900,000.00                    Date of Note: August 24, 2006

This Promissory Note ("Note") is made as of August 24, 2006 by **Global Capital Holdings Management, LLC**, a Delaware limited liability company ("GCHM"), in favor of Richard Marino ("RM").

WHEREAS, RM paid GCHM Two Million Nine Hundred Thousand Dollars and no/100 ($2,900,000.00) for a 25% membership interest in GCHM in the summer of 2006 and wishes for GCHM to redeem such membership interest in exchange for this Note and a 5% Class B membership interest in GCHM and a 5% Class B membership interest in Portal Defense Systems Worldwide LLC ("PDS").

WHEREAS, GCHM, RM and Guarantor (as hereinafter defined) have entered into an Agreement dated as of the date hereof relating to GCHM which provides for the foregoing (the "Agreement").

NOW, THEREFORE, for value received, GCHM promises to pay to RM, without any counterclaim, setoff or deduction whatsoever, the principal sum of TWO MILLION NINE HUNDRED THOUSAND AND NO/100 DOLLARS ($2,900,000.00), together with all interest thereon and all other sums payable hereunder, as set forth below, in lawful money of the United States of America.

1.    **Defined Terms.**    As used in this Note the following terms shall have the following meanings:

(a)    The term "Business Day" shall mean any day other than a Saturday, Sunday, or other day on which commercial banks in New York are authorized or required to close under the laws of the State of New York.

(b)    The term "Debtor Relief Law" shall mean, collectively, Bankruptcy Code of the United States of America and all other applicable liquidation, conservatorship, bankruptcy, moratorium, rearrangement, receivership, insolvency, reorganization or similar debtor relief laws from time to time in effect affecting the rights of creditors generally, as amended from time to time, whether statutory, common law, case law or otherwise.

(c)    The term "Event of Default" shall mean any of the events or conditions specified in Section 7 hereof.

(d)    The term "Guarantor" shall mean Joseph Palladino.

(e)    The term "Guaranty" shall mean the Guaranty dated as of the date hereof executed and delivered by the Guarantor in favor of RM.

(f)    The term "<u>Maturity Date</u>" shall mean July 10, 2007.

(g)    The term "<u>Note</u>" shall mean this Promissory Note.

(h)    The term "<u>Obligor</u>" shall mean individually and collectively GCHM, each endorser and surety of this Note, any person who is primarily or secondarily liable for the repayment of this Note or any portion thereof (including without limitation the Guarantor), together with such person's heirs, personal representatives, successors and assigns.

**2.    Principal and Interest.**

(a)    The outstanding principal balance of this Note shall bear interest at an annual rate of Ten Percent (10%) per annum.

(b)    All amounts outstanding under this Note shall be due and payable on the Maturity Date.

(c)    The principal amount of this Note may, at any time and from time to time, be voluntarily prepaid in whole or in part. Each prepayment shall be applied first to any accrued and unpaid interest then to the unpaid principal balance of this Note.

3.    **Default Rate.** At the option of RM, upon the occurrence and during the continuance of any Event of Default, the outstanding principal amount of this Note shall thereafter bear interest at 12% per annum (the "<u>Default Interest Rate</u>"), but not more than the maximum rate permitted by applicable law. Accrued and unpaid interest on past due amounts (including interest on past due interest) shall be compounded monthly, on the last day of each calendar month, to the fullest extent permitted by applicable law, and shall bear interest at the Default Interest Rate.

4.    **Computation of Interest.**

(a)    Interest on this Note shall be calculated on the basis of a year of 360 days and the actual number of days elapsed. GCHM acknowledges that such latter calculation method will result in a higher yield to RM than a method based on a year of 365 or 366 days.

(b)    All payment obligations arising under this Note are subject to the express condition that at no time shall GCHM be obligated or required to pay interest at a rate which could subject the RM to either civil or criminal liability as a result of being in excess of the maximum rate which GCHM is permitted by law to contract or agree to pay. If by the terms of this Note, GCHM is at any time required or obligated to pay interest at a rate in excess of such maximum rate, the applicable rate of interest shall be deemed to be immediately reduced to such maximum rate, and interest thus payable shall be computed as such maximum rate, and the portion of all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of principal.

5.    **Manner and Treatment of Payments.** Each payment due on this Note shall be made to RM, by wire transfer as follows: Mellon Bank/Pittsburgh, PA, ABA #: 043000261, For

Credit to: Merrill Lynch Denver Service Center, Account #: 1011730, For Further Credit to: Account 825-10512, Name of: Richard Marino (if international, Swift #: MELN US 3P), or at such other place as the holder hereof may designate, in immediately available funds, on the day of payment (which must be a Business Day). All payments shall be made in lawful money of the United States of America.

6.   **Repayment Extension.**  If any payment of principal or interest shall be due on a day other than a Business Day, such payment shall be made on the next succeeding Business Day, and such extension of time shall in such case be included in the computation of the payment of interest.

7.   **Events of Default.**  The occurrence of any one or more of the following events shall constitute an "Event of Default" under this Note:

(a)   Payments – if GCHM fails to make any payment of principal or interest under this Note when such payment is due and payable; or

(b)   Judgments – if any final judgment for the payment of money in excess of $500,000 (i) which is not fully and unconditionally covered by insurance or (ii) for which GCHM has not established a cash or cash equivalent reserve in the full amount of such judgment, shall be rendered by a court of record against GCHM and such judgment shall continue unsatisfied and in effect for a period of thirty (30) consecutive days without being vacated, discharged, satisfied or bonded pending appeal; or

(c)   Assignment for Benefit of Creditors, etc. – if GCHM makes or proposes in writing, an assignment for the benefit of creditors generally, offers a composition or extension to creditors, or makes or sends notice of an intended bulk sale of any business or assets now or hereafter owned or conducted by GCHM; or

(d)   Bankruptcy, Dissolution, etc. – upon the commencement of any action for the dissolution or liquidation of GCHM, or the commencement of any proceeding to avoid any transaction entered into by GCHM, or the commencement of any case or proceeding for reorganization or liquidation of GCHM's debts under any Debtor Relief Act, whether instituted by or against GCHM; provided however, that GCHM shall have sixty (60) Business Days to obtain the dismissal or discharge of involuntary proceedings filed against it, it being understood that during such sixty (60) Business Day period, RM may seek adequate protection in any proceeding under any Debtor Relief Act; or

(e)   Receiver – upon the appointment of a receiver, liquidator, custodian, trustee or similar official or fiduciary for GCHM or for GCHM's property; or

(f)   Fraudulent Conveyance – if GCHM, or any other Obligor, makes or suffers a transfer of any property which is fraudulent under the law of any applicable jurisdiction; or

3

(g)    <u>Compliance with Agreement</u> – if the Class B membership interests in GCHM and PDS have not been issued to RM in accordance with the Agreement on or prior to the Maturity Date, other than by reason of any failure to act on the part of RM; or

(h)    <u>Circumvention</u> – if there is any attempt by GCHM or the Guarantor to circumvent the requirements or provisions of this Note or the Guaranty, or to mislead RM through any ruse, program, subterfuge or other means, whether perpetrated alone or in consort with others.

8.    **Rights and Remedies upon Default.**  Upon and after the occurrence of an Event of Default hereunder, RM, in RM's sole discretion and without notice or demand to GCHM or any other Obligor, may: (a) declare the entire outstanding principal balance of this Note, together with all accrued interest and all other sums due under this Note, to be immediately due and payable, and the same shall thereupon become immediately due and payable, and (b) exercise any or all rights, powers, and remedies now or hereafter existing at law, in equity, by statute or otherwise.

9.    **Remedies Cumulative.**  Each right, power and remedy of RM hereunder or now or hereafter existing at law, in equity, by statute or otherwise shall be cumulative and concurrent, and the exercise or the beginning of the exercise of any one or more of them shall not preclude the simultaneous or later exercise by RM of any or all such other rights, powers or remedies. No failure or delay by RM to insist upon the strict performance of any one or more provisions of this Note or to exercise any right, power or remedy consequent upon a breach thereof or a default hereunder shall constitute a waiver thereof, or preclude RM from exercising any such other right, power or remedy.

10.    **Interest Rate after Judgment.**  If judgment is entered against GCHM on this Note, the amount of the judgment entered (which may include principal, interest, fees and costs) shall bear interest at the higher of (i) the legal rate of interest then applicable to judgments in the jurisdiction in which judgment was entered or, (ii) the Default Interest Rate provided herein, but not in excess of the maximum rate allowed by law.

11.    **Certain Waivers by GCHM.**  GCHM hereby waives demand, presentment, protest and notice of acceptance, demand for payment, protest and or noncompliance with the terms and provisions of this Note.

12.    **Choice of Law.  GCHM AGREES THAT THIS NOTE SHALL BE INTERPRETED, CONSTRUED AND ENFORCED ACCORDING TO THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO THE CONFLICTS OF LAW RULES OR PRINCIPLES EXCEPT SECTIONS 5-1401 AND 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND EXCEPT AS REQUIRED BY MANDATORY PROVISIONS OF LAW.**

13.    **Forum Selection: Consent to Jurisdiction.  GCHM, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, (a) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF**

NEW YORK OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS NOTE, (b) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN THE COUNTY OF NEW YORK, STATE OF NEW YORK, (c) SUBMITS TO THE JURISDICTION OF ANY FEDERAL OR STATE COURT OF COMPETENT JURISDICTION LOCATED IN THE COUNTY OF NEW YORK, STATE OF NEW YORK, AND (d) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT GCHM WILL BRING ANY ACTION, SUIT OR PROCEEDING IN A COURT OF COMPETENT JURISDICTION LOCATED IN THE COUNTY OF NEW YORK, STATE OF NEW YORK AND NOT IN ANY OTHER FORUM.    A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN ANY OTHER JURISDICTION BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.

14.    **Jury Trial**. GCHM, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THIS NOTE, ANY CONDUCT, ACT OR OMISSION OF GCHM OR ANY OTHER PERSONS ASSOCIATED WITH GCHM, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

15.    **Other Agreements by GCHM**.  GCHM acknowledges and agrees that RM's rights and remedies hereunder shall not be impaired or subject to any stay, suspension or other delay as a result of GCHM's insolvency or as a result of any proceeding applicable to GCHM or any property of GCHM under any bankruptcy or insolvency law.  GCHM also acknowledges and agrees that RM may apply payments and other reductions of the amounts owing under this Note to such amounts and in such order as RM may elect.

16.    **Usury**.  GCHM expressly waives all defenses it may have or could interpose with respect to usury in any action relating to this Note.

17.    **Further Assurances**.  GCHM shall execute and deliver (or cause to be executed and delivered) all agreements, documents and instruments, and take such other actions as may be necessary or reasonably requested by RM from time to time in order to fully effectuate the purposes, terms and conditions of, and to confirm the rights created under, this Note.

18.    **Subsequent Holders**.  If any holder of this Note transfers this Note for value, the transferee shall have all of the rights of a holder in due course even though this Note may not qualify as a negotiable instrument.

19.    **Invalidity of Any Part**.  If any provision or part of any provision of this Note shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or any remaining part of any

provision) of this Note, and this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained in this Note, but only to the extent of its invalidity, illegality, or unenforceability. In any event, if any such provision pertains to the repayment of the obligations evidenced by this Note, then and in such event, at RM's option, the outstanding principal balance of this Note, together with all accrued and unpaid interest thereon, shall become immediately due and payable.

20. **Miscellaneous.** Time is of the essence under this Note. The paragraph headings of this Note are for convenience only, and shall not limit or otherwise affect any of the terms hereof. This Note, the Guaranty and the Agreement constitute the entire agreement among the parties with respect to their subject matter and supersede all prior letters, representations, or agreements, oral or written, with respect thereto. No modification, release, or waiver of this Note shall be deemed to be made by RM unless in writing signed by RM, and each such waiver, if any, shall apply only with respect to the specific instance involved. No course of dealing or conduct shall be effective to modify, release or waive any provisions of this Note. GCHM acknowledges that this Note is an instrument for the payment of money only within the meaning of Section 3213 of the New York Civil Practice Law & Rules. This Note shall inure to the benefit of and be enforceable by RM and RM's successors and assigns and any other person to whom RM may grant an interest in the obligations evidenced by this Note and shall be binding upon and enforceable against GCHM and GCHM's successors and assigns. Whenever used herein, the singular number shall include the plural, the plural the singular, and the use of the masculine, feminine, or neuter gender shall include all genders.

GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC

By: _____

Name: Joseph Palladino

Title: Manager

6

EXHIBIT 2

# GUARANTY

This GUARANTY (the "Guaranty") is made as of August 24, 2006, by **Joseph Palladino** ("JP").

WHEREAS, Global Capital Holdings Management, LLC, a Delaware limited liability company of which JP is the manager ("GCHM"), has issued a promissory note, dated as of the date hereof, in the principal amount of Two Million Nine Hundred Thousand Dollars and no/100 ($2,900,000.00) (the "Note") to Richard Marino ("RM") in connection with the redemption of RM's membership interest in GCHM (the "Redemption") and JP has agreed to provide a personal guaranty to RM of the amount owed by GCHM pursuant to the Note;

WHEREAS, RM is unwilling to effect the Redemption unless (among other things) JP executes and delivers this Guaranty to RM; and

WHEREAS, JP will receive direct benefits from the Redemption, and therefore desires to give this Guaranty in order to induce RM to effect the Redemption;

NOW, THEREFORE, in consideration of the foregoing and of mutual promises and covenants made, JP, intending to be legally bound, hereby undertakes the following:

1.    **MEANING OF TERMS.**    All capitalized terms used and not defined in this Guaranty shall have the respective meanings provided in the Note.

2.    **GUARANTY.**    JP unconditionally and absolutely guarantees the due and punctual payment and performance when due of the Note, in any case whether according to the present terms thereof, at any earlier or accelerated date or dates or pursuant to any extension of time or to any change in the terms, covenants, agreements and conditions thereof now or at any time hereafter made or granted. This Guaranty shall be effective from the date hereof until the Note has been indefeasibly paid and satisfied in full.

3.    **GUARANTY ABSOLUTE.**    This Guaranty is an absolute, unconditional, continuing and primary guaranty of payment and performance, without regard to the validity or enforceability of the Note, the death or insolvency of JP or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a surety or guaranty. If the Note is not paid when due, JP shall forthwith pay all amounts due with respect to the Note, upon demand, and no such satisfaction shall discharge the obligations of JP hereunder until the Note has been indefeasibly paid, performed and satisfied in full.

4.    **GUARANTY NOT AFFECTED.**    JP hereby consents to the occurrence of any or all of the following without notice to JP, and acknowledges and agrees that none of the following will affect or discharge, in whole or in part, the liability of JP hereunder:

(a)    the time, manner, place and/or terms of payment of the Note may be extended or modified; and/or

(b)     any action may be taken under or in respect of the Note, and any remedy, power or privilege therein contained may be exercised or waived.

5.     **WAIVERS**.

(a)     <u>Notice of Acceptance</u>.     JP hereby waives notice of acceptance, presentment and demand for payment, notice of dishonor, protest and notice of protest or noncompliance with the terms and provisions of this Guaranty.

(b)     <u>Marshalling of Assets</u>.     JP hereby waives any right or claim of right to cause a marshalling of any of GCHM's assets before proceeding against JP, or to proceed against JP in any particular order.  JP hereby waives any requirement that RM institute any action or proceedings at law or in equity against GCHM or any other person with respect to the Note as a condition precedent to bringing an action against JP upon this Guaranty.

(c)     <u>Subordination and Subrogation</u>.     JP acknowledges and agrees that he shall have no right of subrogation whatsoever with respect to the Note unless and until the Note has been irrevocably and indefeasibly paid in full.

(d)     <u>Benefits to JP; Reliance by RM</u>.     JP acknowledges and agrees that (a) he will receive direct benefits from the Redemption, (b) he intends this Guaranty to be an inducement to RM to effect the Redemption, and (c) he understands that RM is relying upon this Guaranty in effecting the Redemption.

(e)     <u>RM's Expenses</u>.     JP agrees to pay to RM, as part of the obligations evidenced by this Guaranty, within five (5) Business Days after demand, the amount of any and all costs and expenses (including, without limitation, all costs of collection, enforcement and litigation, such as attorneys' fees, client charges and other expenses, documentation and diligence fees and expenses, search, audit, appraisal, recording, expert, professional and filing fees and expenses, amounts disbursed in the preservation of pledged property and assets, and all other out-of-pocket charges and expenses) that RM may incur in connection with (i) the administration, collection and enforcement of this Guaranty, or (ii) any inaccuracy in or breach of the representations, warranties or covenants or agreements made by JP in this Guaranty, with interest on all of same at the Default Rate from and after demand for the payment thereof until paid.

(f)     <u>Other Agreements by JP</u>.     JP acknowledges and agrees that RM's rights and remedies hereunder and under the Note shall not be impaired or subject to any stay, suspension or other delay as a result of dissolution or insolvency of JP or as a result of any proceeding applicable or any property of JP under any bankruptcy or insolvency law.  JP also acknowledges and agrees that RM may apply payments and other reductions of the amounts owing hereunder and under the Note to such amounts and in such order as RM may elect.

(g)     <u>No Duty of RM</u>.     JP acknowledges and agrees that RM shall have no obligation or duty with respect to any matter or proceeding arising out of or relating to this Guaranty or the Note.

(h)    Usury.  JP expressly waives all defenses he may have or could interpose with respect to usury in any action relating to this Guaranty.

6.    **MISCELLANEOUS**.

(a)    Notices.  Any notice or request hereunder shall be given to the parties at their respective addresses set forth below or at such other address as such party may hereafter specify in a notice given in the manner required under this Section 7.  Any notice or request hereunder shall be given by (i) hand delivery, (ii) registered or certified mail, return receipt requested, or (iii) delivery by a nationally recognized overnight courier.  Except as expressly provided otherwise in this Guaranty, notices and requests shall be deemed to have been given (w) in the case of hand delivery, upon receipt, (x) in the case of mail delivery, five business days after being deposited in the mail, addressed as provided in this Section 7, and (y) in the case of delivery by overnight courier, one business day after deposit with such courier (whether automatic or manual from recipient), as applicable (each of the foregoing clauses constituting "receipt").

If to RM:
Richard Marino
570 Wright Way
Gulf Stream, Fl 33483
Phone: (561) 504-6252

With a copy to:

Day Pitney LLP
7 Times Square
New York, NY 10036-7311
Attention: Frank E. Lawatsch, Jr., Esq.
Phone:  (212) 297-5830
Facsimile: (212) 916-2940

If to JP:
Joseph Palladino
244 5th Ave., Suite 2694
New York, NY 10001
Phone: (800) 930-6381

3

With a copy to:

Novack Burnbaum Crystal LLP
300 East 42nd Street, 10th Floor
New York, New York 10017
Attention: Martha M. Dwyer, Esq.
Phone: (212) 682-4002
Facsimile: (212) 986-2907

(b)    Usury Savings Clause.    All payment obligations arising under this Guaranty are subject to the express condition that at no time shall JP be obligated or required to pay interest at a rate which could subject RM to either civil or criminal liability as a result of being in excess of the maximum rate which JP is permitted by law to contract or agree to pay.  If by the terms of this Guaranty, JP is at any time required or obligated to pay interest at a rate in excess of such maximum rate, the applicable rate of interest shall be deemed to be immediately reduced to such maximum rate, and interest thus payable shall be computed as such maximum rate, and the portion of all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of principal.

(c)    Governing Law; Jurisdiction; Waiver of Jury Trial.

(i)    **THIS GUARANTY SHALL BE INTERPRETED, CONSTRUED AND ENFORCED ACCORDING TO THE LAWS OF THE STATE OF NEW YORK, WITHOUT REGARD TO THE CONFLICTS OF LAW RULES OR PRINCIPLES EXCEPT SECTIONS 5-1401 AND 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW, AND EXCEPT AS REQUIRED BY MANDATORY PROVISIONS OF LAW.**

(ii)    **JP, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, (A) SUBMITS TO PERSONAL JURISDICTION IN THE STATE OF NEW YORK OVER ANY SUIT, ACTION OR PROCEEDING BY ANY PERSON ARISING FROM OR RELATING TO THIS GUARANTY, (B) AGREES THAT ANY SUCH ACTION, SUIT OR PROCEEDING MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION SITTING IN THE COUNTY OF NEW YORK, STATE OF NEW YORK, (B) SUBMITS TO THE JURISDICTION OF ANY FEDERAL OR STATE COURT OF COMPETENT JURISDICTION LOCATED IN THE COUNTY OF NEW YORK, STATE OF NEW YORK, AND (D) TO THE FULLEST EXTENT PERMITTED BY LAW, AGREES THAT JP WILL BRING ANY ACTION, SUIT OR PROCEEDING IN A COURT OF COMPETENT JURISDICTION LOCATED IN THE COUNTY OF NEW YORK, STATE OF NEW YORK AND NOT IN ANY OTHER FORUM. A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN ANY OTHER JURISDICTION BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW.**

4

(iii)  **JP, TO THE FULL EXTENT PERMITTED BY LAW, HEREBY KNOWINGLY, INTENTIONALLY AND VOLUNTARILY, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF, OR IN ANY WAY RELATING TO THIS GUARANTY, ANY CONDUCT, ACT OR OMISSION OF JP OR ANY OTHER PERSONS ASSOCIATED WITH JP, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.**

(d)  RM's Rights Cumulative.  The rights and remedies of RM described herein are cumulative and are not alternative to or exclusive of any other rights or remedies which RM otherwise may have by contract, at law or in equity.

(e)  No Waiver by RM.  No failure or delay on the part of RM in exercising any right, power or privilege under this Guaranty shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise of any other right, power or privilege.  No modification or waiver of any provision of this Guaranty, nor consent to any departure therefrom, shall in any event be effective unless the same shall be in writing and signed by the party against whom enforcement of such modification, waiver or consent is sought, and expressly refers to this Guaranty and states that it is a modification, waiver or consent (as the case may be).  Any such modification, waiver or consent shall be effective only in the specific instance and for the purpose for which given.  In no case shall any notice or demand to JP entitle him to any other or further notice or demand in the same, similar or other circumstances.

(f)  Further Assurances.  JP shall execute and deliver (or cause to be executed and delivered) all agreements, documents and instruments, and take such other actions as may be necessary or reasonably requested by RM from time to time in order to fully effectuate the purposes, terms and conditions of, and to confirm the rights created under, this Guaranty.

(g)  Survival.  All covenants, agreements, representations and warranties made in this Guaranty shall survive the Redemption, and shall continue in full force and effect so long as any amount due under the Note or under this Guaranty remains unpaid.

(h)  Severability.  If any provision or part of any provision of this Guaranty shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or any remaining part of any provision) of this Guaranty, and this Guaranty shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained in this Guaranty, but only to the extent of its invalidity, illegality, or unenforceability.  In any event, if any such provision pertains to the repayment of the obligations evidenced by this Guaranty, then and in such event, at RM's option, the outstanding principal balance of the Note, together with all accrued and unpaid interest thereon, shall become immediately due and payable.

(i)  No Third Party Beneficiaries. No rights are intended to be created under this Guaranty for the benefit of any third party donee, creditor or incidental beneficiary.

(j)    Counterparts.  This Guaranty may be executed in any number of counterparts, each of which shall be deemed to be an original, and all such counterparts shall constitute one Guaranty.  Delivery of an executed counterpart of a signature page to this Guaranty by facsimile transmission or e-mail in pdf format shall be effective as delivery of a manually executed counterpart.  Any party so delivering this Guaranty shall promptly deliver a manually executed counterpart, provided that any failure to do so shall not affect the validity of the counterpart executed by facsimile or e-mail transmission.

(k)    Headings.  Titles of articles and sections are for convenience only and in no way define, limit, amplify or describe the scope or intent of any provisions hereof.

(l)    Time of the Essence.  Time is of the essence with respect to all provisions of this Guaranty.

(m)    Entire Agreement.  This Guaranty, the Note and the Amended Operating Agreement contain the entire agreement among the parties relating to the subject matter hereof and thereof, and all prior agreements relative hereto and thereto which are not contained herein or therein are hereby terminated.

(n)    Successors and Assigns.  The terms and provisions hereof shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, legal representatives, successors, successors-in-title and assigns, whether by voluntary action of the parties or by operation of law.

(o)    Bankruptcy Savings Clause.   It is the intent of the parties that JP's maximum obligations shall be up to, but not in excess of, the maximum amount which would not otherwise cause this Guaranty to be avoidable or unenforceable against JP under (i) Section 548 of the Bankruptcy Code, (ii) any state fraudulent or fraudulent conveyance act or statute applied in any case or proceeding by virtue of Section 544 of the Bankruptcy Code or (iii) any other law, statute or regulation (clauses (i) – (iii), collectively, the "Avoidance Provisions".)  To the extent that (a) this Guaranty would otherwise be subject to avoidance under the Avoidance Provisions, (b) JP is deemed not to have received sufficient consideration hereunder, or (c) JP's obligations under this Guaranty would render JP insolvent as of the time such obligations are deemed to have been incurred under the Avoidance Provisions, then the maximum obligations for which JP shall be liable hereunder shall be reduced to that amount which, after giving effect thereto, would not cause the Guaranteed Obligations, as so reduced, to be subject to avoidance under the Avoidance Provisions.  This Section is intended solely to preserve the rights of RM, and neither JP nor any other Persons shall have any right under this Section against RM that would not otherwise be available to him under the Avoidance Provisions.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have duly executed this Guaranty as of the day and year first written above.

_____
Joseph Palladino

Accepted as of the date first written above:

_____
Richard Marino

7

EXHIBIT 3

July 11, 2007

**VIA FEDERAL EXPRESS**

Global Capital Holdings Management, LLC

244 5th Avenue

Suite 2694

New York, New York  10001

Attention:  Mr. Joseph Palladino

    Manager

Dear Joe:

    Pursuant to the terms of the promissory note of Global Capital Holdings Management, LLC ("GCHM") dated as of August 24, 2006 to me (the "Note"), I hereby notify GCHM that the note is past due and I hereby demand immediate payment of the principal of the Note together with interest and related expenses of collection including attorney's fees.

Very truly yours,

Richard Marino

RM/ms

    cc: Novack Burnbaum Crystal LLP

        300 East 42nd Street

        10th Floor

        New York, New York  10017

        Attention:  Martha M. Dwyer Esq.

EXHIBIT 4

July 11, 2007

**.VIA FEDERAL EXPRESS**

Mr. Joseph Palladino

244 5th Avenue

Suite 2694

New York, New York  10001

Dear Joe:

Pursuant to the Guaranty made as of August 24, 2006 by Joseph Palladino ("JP") in favor of Richard Marino ("RM") (the "Guaranty"), I hereby demand payment under the Guaranty as a result of the non-payment of the promissory note (the "Note") dated as of August 24, 2006 of Global Capital Holdings Management, LLC ("GCHM").  Immediate payment is demanded of principal of, and interest on, the Note and related expenses of collection including attorney's fees.

Very truly yours,

Richard Marino

RM/ms

cc: Novack Burnbaum Crystal LLP

   300 East 42nd Street

   10th Floor

   New York, New York  10017

   Attention:  Martha M. Dwyer Esq.

Exhibit B

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK
Index No. 07C177726

RICHARD MARINO

, Plaintiff(s)

- against -

GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC AND JOSEPH PALLADINO

, Defendant(s)

| State of New York | ) | |
|---|---|---|
| | ) | SS.: |
| County of New York | ) | |

AFFIDAVIT OF SERVICE

Yariela Gonzales being duly sworn, deposes and says
that she is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 09/11/2007 at  8:29 PM at:
        75 WEST END AVENUE
        NO. C. APT 15- J.
        NEW YORK NY 10023

Deponent served the:

SUMMONS IN CIVIL ACTION & COMPLAINT
INDIVIDUAL PRACTICES OF JUDGE RICHARD J. HOWELL
INDIVIDUAL PRATICES OF MAGISTRATE JUDGE EATON
PROCEDURE FOR ELECTRONIC CASE FILING
upon JOSEPH PALLADINO, by delivering true copies to recipient personally,
deponent knew the person so served to be the person described as said
recipient therein.

To the best of my knowledge, based on information and belief, the said
recipient at the time of service was not engaged in the military service
of the United States or New York. Recipient wore ordinary
civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 40 HEIGHT: 5'2''   WEIGHT: 165    HAIR: OTHER    RACE: WHITE    SEX: MALE

Yariela Gonzales                      License #1260358

SWORN TO BEFORE ME  9-12-07

**Johnysha Santana**
**Notary Public, State of New York**
**No. 01SA6168179**
**Qualified in New York County**
**Commission Expires 06/11/2011**

OUR DOC# 19333
Day Pitney LLP
7 Times Square
20th Floor
New York NY 10036
212-297-5800
408494.121773

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Index No. 07CIV7726

---

RICHARD MARINO

, Plaintiff(s)

- against -

GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC AND JOSEPH PALLADINO

, Defendant

---

| | |
|---|---|
| State of New York | ) |
| | ) SS.: |
| County of New York | ) |

### AFFIDAVIT OF SERVICE

Yariela Gonzales being duly sworn, deposes and says
that she is over the age of 18 years; is not a party to this action and resides
within the State of New York. That on 09/11/2007 at 8:37 PM at the residence of:

> JOSEPH PALLADINO
> 75 WEST END AVENUE
> NO. C., APT. 15-J
> NEW YORK NY 10023

Deponent served the:

SUMMONS IN CIVIL ACTION & COMPLAINT
INDIVIDUAL PRACTICES OF JUDGE RICHARD J. HOWELL
INDIVIDUAL PRATICES OF MAGISTRATE JUDGE EATON
PROCEDURE FOR ELECTRONIC CASE FILING

on GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC

a domestic and/or foreign corporation
by delivering thereat true copies to Joseph Palladino
personally, deponent knew said corporation so served to be the corporation
described in same as said recipient and knew said individual to be the
Managing Agent and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 40 HEIGHT: 5'2''   WEIGHT: 165   HAIR: NONE   RACE: WHITE   SEX: MALE

Yariela Gonzales   License #1260356

SWORN TO BEFORE ME 9-13-07

OUR DOC# 19332
Day Pitney LLP
7 Times Square
20th Floor
New York NY 10036
212-297-5800
408494.121773

**Johnysha Santana**
Notary Public, State of New York
No. 01SA6168179
Qualified in New York County
Commission Expires 06/11/2011

Exhibit C

# ⓟ DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, D.C.

MICHAEL H. LEVISON
Attorney At Law

7 Times Square
New York, NY 10036
T: 212-297-2401 F: (212) 916-2940
MLevison@daypitney.com

October 25, 2007

*__Via Federal Express__*

Joseph Palladino
75 West End Ave., #C, 15J
New York, NY 10023

      Re:    Richard Marino v. Global Holdings Management, LLC and Joseph Palladino
            Index No.: 2007 Civ. 07726

Dear Mr. Palladino:

      In connection with the above-referenced matter and in accordance with the Court's default judgment procedures, I enclose a copy of our proposed motion for an Order granting and entering (a) a Default Judgment in favor of Richard Marino and against Defendants Global Capital Holdings Management, LLC and Joseph Palladino, jointly and severally, in the amount of $3,254,443.77, plus per diem interest of $966.66 from and including October 20, 2007 through and including the date of entry of the Default Judgment, plus post-Default Judgment interest at 9% per annum.

      Please be advised that we intend to file this motion on October 31, 2007.

                        Very truly yours,

                        Michael H. Levison

Enclosures

cc:    Clyde Mitchell, Esq. (via Federal Express)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD MARINO,

                Plaintiff,

v.

GLOBAL CAPITAL HOLDINGS
MANAGEMENT, LLC and JOSEPH
PALLADINO,

                Defendants.

:    **Case No.  07-cv-7726 (RJH)(DFE)**

:    **ECF CASE**

:    <u>**MOTION FOR DEFAULT JUDGMENT**</u>

:

:

:

:

        **PLEASE TAKE NOTICE** that pursuant to Rules 55 (a) and (b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(b), and upon the Clerk of the Court's Certificate of Default dated October 10, 2007, the Complaint in this Action dated August 28, 2007, the annexed Affidavit of Plaintiff Richard Marino ("Marino") sworn to on the 25th day of October, 2007, the annexed Affidavit of Michael H. Levison, Esq. of Day Pitney LLP sworn to on the 23rd day of October, 2007, the exhibits annexed thereto and the annexed proposed Default Judgment, Marino will move this Court for an Order granting and entering (a) a Default Judgment in his favor and against Defendants Global Capital Holdings Management, LLC and Joseph Palladino, jointly and severally, in the amount of $3,254,443.77, plus per diem interest of $966.66 from and including October 20, 2007 through and including the date of entry of the Default Judgment, plus post-Default Judgment interest at 9% per annum and (b) such other and further relief as the Court may deem just and proper.

DAY PITNEY LLP
Attorneys for Plaintiff Richard Marino

By: _____
     Michael H. Levison, Esq. (ML 8303)

7 Times Square
New York, NY 10036-7311
Telephone:     (212) 297-5800
Facsimile:     (212) 916-2940

2



Your Shipment Details:

| | | | |
|---|---|---|---|
| Ship to: | Joseph Palladino | Package type: | FedEx Envelope |
| | 75 W END AVE | Pickup/Drop Off: | give to scheduled courier at my location |
| | #C, 15J | Weight: | 1 LBS |
| | NEW YORK, NY | Dimensions: | 0 x 0 x 0 in |
| | 100237853 | Declared value: | 0 USD |
| | US | Shipper account number: | 10108047 |
| | 212-297-2401 | Bill transportation to: | 10108047 |
| | | Courtesy rate quote:* | 14.19 |
| From: | Michael H. Levison, Esq. | Discounted variable % | |
| | Day Pitney LLP | Cod amount | |
| | 7 Times Sq. | Special services: | |
| | 19th Floor | Shipment Purpose: | |
| | New York, NY 100367311 | Shipment type: | Express |
| | US | Commercial/Residential Status: | Commercial |
| | 2122972401 | | |

| | |
|---|---|
| Tracking no: | 790367634798 |
| Your reference: | 408494.121773-Marino |
| Ship date: | Oct 25 2007 |
| Service type: | Standard Overnight |

 **Print**    **Return to next step**

## Please note

. *The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to t greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $5 e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limit Consult the applicable FedEx Service Guide for details.

 

| Ship | Track/History | Address Book | Preferences | Fast Ship | Reports | My Profile |

<< Log out    Home

❓Quick h

Your Shipment Details:

**Ship to:**
Clyde Mitchell, Esq.
Claugus & Mitchell
110 WALL ST STE 2700
NEW YORK, NY
100053803
US
646-620-6492

**From:**
Michael H. Levison, Esq.
Day Pitney LLP
7 Times Sq.
19th Floor
New York, NY  100367311
US
2122972401

**Package type:** FedEx Envelope
**Pickup/Drop Off:** give to scheduled courier at my location
**Weight:** 1 LBS
**Dimensions:** 0 x 0 x 0 in
**Declared value:** 0 USD
**Shipper account number:** 10108047
**Bill transportation to:** 10108047
**Courtesy rate quote:*** 14.19
**Discounted variable %**
**Cod amount**
**Special services:**
**Shipment Purpose:**
**Shipment type:** Express
**Commercial/Residential Status:** Commercial

**Tracking no:** 799740215841
**Your reference:** 408494.121773-Marino
**Ship date:** Oct 25 2007
**Service type:** Standard Overnight

**Print**

**Return to next step**

### Please note

. *The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.
Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to t greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $5 e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limit Consult the applicable FedEx Service Guide for details.

Exhibit D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RICHARD MARINO,                        :

                        Plaintiff,      :      Case No.  07-cv-7726 (RJH)(DFE)

v.                                      :      ECF CASE

GLOBAL CAPITAL HOLDINGS                 :
MANAGEMENT, LLC and JOSEPH              :      <u>CERTIFICATE OF DEFAULT</u>
PALLADINO,

                        Defendants.     :

                                        :

                                        :

                                        :

_____

     I, J. Michael McMahon, Clerk of the Court of the United States District Court for the Southern District of New York, do hereby certify that Defendants Global Capital Holdings Management, LLC and Joseph Palladino have not filed an Answer or otherwise moved with respect to the Complaint herein.  The default of Defendants Global Capital Holdings Management, LLC and Joseph Palladino is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: New York, New York
     _10/17_____ , 2007



                    <u>J. MICHAEL MCMAHON</u>
                    Clerk of Court

                    By: _____
                    Deputy Clerk

Exhibit E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RICHARD MARINO,                                   :

                  Plaintiff,          :     **Case No.   07-cv-7726 (RJH)(DFE)**

v.                                                :     **ECF CASE**

GLOBAL CAPITAL HOLDINGS                           :
MANAGEMENT, LLC and JOSEPH                         :     **DEFAULT JUDGMENT**
PALLADINO,
                                                  :
              Defendants.           :

                                                  :

                                                  :

      The Summons and Complaint in this action having been duly served on the Defendants GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC and JOSEPH PALLADINO, and Defendants GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC and JOSEPH PALLADINO having failed to plead or otherwise defend in this Action, and said default having been duly noted by the Clerk of the Court on October 17, 2007; and upon the annexed affidavit of Plaintiff Affidavit of Plaintiff RICHARD MARINO sworn to on the ____th day of October, 2007, the annexed affidavit of Michael H. Levison, Esq. of Day Pitney LLP and the exhibits annexed thereto,

      **NOW**, on Request of Michael H. Levison, an attorney for the Plaintiff RICHARD MARINO, it is hereby

      **ORDERED and ADJUDGED** that Plaintiff RICHARD MARINO does recover of Defendant Defendants GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC and JOSEPH PALLADINO, jointly and severally, the sum of $3,254,443.77, plus per diem interest of $966.66 from and including October 20, 2007 through and including the date of entry of this Default Judgment in an amount equal to _____, plus post-Default Judgment interest at 9% per annum.

Dated:   New York, New York
          _____, 2007

                               By:   _____
                                       The Honorable Richard J. Howell
                                     United States District Judge