UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD MARINO,

    Plaintiff,

v.

GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC and JOSEPH PALLADINO,

    Defendants.

Case No. 07-cv-7726 (RJH)(DFE)

ECF CASE

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR DEFAULT JUDGMENT

DAY PITNEY LLP
Michael H. Levison, Esq. (ML 8303)
7 Times Square
New York, NY 10036-7311
Telephone: (212) 297-5800
Facsimile: (212) 916-2940

Attorneys for Plaintiff Richard Marino

## PRELIMINARY STATEMENT

Plaintiff Richard Marino ("Marino") respectfully submits this reply memorandum of law in further support of his motion pursuant to Rules 55 (a) and (b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2, for an Order granting and entering a Default Judgment against Defendants Global Capital Holdings Management, LLC ("GCMH") and Joseph Palladino ("Palladino" and together with GCHM, the "Defendants"), jointly and severally, in the amount of $3,254,443.77, plus per diem interest of $966.66 from and including October 20, 2007 through and including the date of entry of the Default Judgment, plus post-Default Judgment interest at 9% per annum (the "Motion"), by reason of the Defendants' failure to plead or otherwise defend the Action herein as provided by the Federal Rules of Civil Procedure.

Defendants' opposition to the Motion does not include a memoranda of law as required pursuant to Local Rule 7.1. Defendants' counsel's failure to submit a memoranda of law in support of his clients' opposition was clearly willful given the fact that he is an attorney admitted to practice in this District who is required to be familiar with this District's Local Rules. As such, it is respectfully submitted that there is sufficient cause present to grant the Motion by default pursuant to Local Rule 7.1.

Even if this Court chooses to ignore the aforementioned procedural failure, the Motion still should be granted because the Defendants have completely failed to meet their burden under Rule 55(c) of the Federal Rules of Civil Procedure by demonstrating that good cause exists to vacate this Court's Clerk's certificate of default. Specifically, the Defendants have utterly failed to demonstrate (a) that their failure to plead or otherwise defend the Action was not willful, (b) that vacating the Certificate of Default would not cause undue prejudice to

Marino or (c) that they have a meritorious defense to Marino's claims. In fact, Defendants' opposition does not even bother to mention Rule 55(c). As such, and for all of the reasons set forth in Marino's initial memorandum of law, it is respectfully submitted that the Motion should be granted in its entirety.

## ARGUMENT

### POINT I

### DEFENDANTS' HAVE FAILED TO COMPLY WITH LOCAL RULE 7.1

The Motion should be granted by default given Defendants' counsel's willful failure to submit a memoranda of law in support of his clients' opposition. Local Rule 7.1 of the Southern District of New York required Defendants' counsel to support his clients' opposition to the Motion with a memoranda of law, setting forth points and authorities relied upon in opposition to the Motion. Instead, Defendants' opposition is limited to two bare-boned affidavits. Local Rule 7.1 provides that willful failure to submit a memoranda of law in support of an opposition to a motion may be deemed to be sufficient cause to grant a motion by default.

Defendants' counsel's failure to submit a memoranda of law in support of his clients' opposition was clearly willful given the fact that he is an attorney admitted to practice in this District who is required to be familiar with this District's Local Rules.[1] It seems clear that Defendants' counsel chose not to submit a memoranda of law because there are no authorities upon which he can legitimately rely in opposing the Motion.

---

[1] Defendants' counsel failure to comply with Local Rule 7.1 is the latest example of Defendants' counsel's refusal to comply with applicable rules. On November 8, 2007, and without first (a) filing a response to the Motion or (b) moving for an order (pursuant Federal Rules of Civil Procedure Rule 6(b)(2) or this Court's Individual Practice 1(F)), to extend the Defendants' time to file an answer to Marino's Complaint, Defendants' counsel filed an answer in response to the Complaint (the "Answer") (Docket No. 11). Of course, Marino submits that the Answer is a nullity under the Federal Rules.

3

It is also clear that Defendants' opposing affidavits are not a sufficient substitute for the requisite memoranda of law. Submission of an "affidavit rather than a memorandum of law is insufficient under Local Rule 7.1." *Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Company, Inc.*, 2000 WL 964944 *3 (S.D.N.Y. 2000) (J. Keenan). Defendants' counsel's failure to submit a memoranda of law "effectively places on the court the burden of conducting the initial legal analysis that is properly the responsibility of defendant[s'] counsel." *Id., quoting, East 65 Street Realty Corp. v. Rinzler*, 2000 WL 303279 *2 (S.D.N.Y. 2000). Moreover, because there is no memorandum of law, the Court and Marino are left to guess at the purported legal basis for Defendants' opposition. It is respectfully submitted that this Court should not sanction such a result. Accordingly, it is respectfully submitted that there is sufficient cause upon which this Court may rely in granting the Motion by default.

## POINT II

### DEFENDANTS' HAVE FAILED TO MEET THEIR BURDEN UNDER RULE 55(C)

If this Court chooses not to grant the Motion based upon Defendants' counsel's willful failure to comply with Local Rule 7.1, the Motion should still be granted given the Defendants' complete failure to demonstrate that good cause exists to support an order vacating the Clerk's Certificate of Default issued in accordance with Local Civil Rule 55.1 on October 17, 2007 (the "Certificate of Default").

Rule 55(c) provides that in order to sustain a motion to vacate the Certificate of Default, Defendants are required to prove that good cause exists to do so.[2] Rule 55(c); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir.1993). Rule 55(c) does not define "good cause." As

---

[2] Although Defendants did not bother to move to set aside the Certificate of Default, the Second Circuit has held that opposition to a motion for default judgment "can be treated as a motion to set aside the entry of a default, despite the absence of a formal Rule 55(c) motion." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir.1981). As such, in preparing this reply memorandum, Marino has assumed that this Court will deem Defendants' opposing affidavits to be an informal Rule 55(c) motion.

4

such, the Second Circuit has identified three factors which must be considered in determining whether or not there is sufficient good cause to vacate a certificate of default: "(1) whether the default was willful; (2) whether the defendant demonstrates the existence of a meritorious defense and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. V. McNulty*, 137 F.3d 732, 738 (2d Cir.1998). Defendants have failed to even address this standard or argue that there is any good cause upon which this Court may rely in vacating the Certificate of Default. It seems that Defendants' counsel has determined that there is no such good cause and that to argue otherwise would border on frivolous.

    A.    **Defendants' Failure To Plead Or Otherwise Defend In Response To The Complaint Was Clearly Willful**

Defendants apparently claim that their failure to timely respond to the Complaint was a result of Palladino's admittedly mistaken *assumption* that "defendant's time to answer the complaint had been postponed and that ultimately the lawsuit would be dismissed." *See* Affidavit of Joseph Palladino dated November 15, 2007 (the "Palladino Aff.") at ¶3. This assumption is clearly an insufficient basis upon which to establish that Defendants' failure to plead was not willful. In fact, this assumption makes clear that Defendants *intentionally* failed to file an answer because they erroneously believed that this case "would be dismissed."

Defendants' counsel contends that Defendants' failure to respond to the Complaint was based upon "privileged conversations they had with their former counsel." *See* Affidavit of Joseph R. Sahid dated November 15, 2007 (the "Sahid Aff.") at ¶5. Of course, both this Court and Marino are left to guess at the timing and substance of these alleged communications. Regardless, neither Defendants' nor their counsel deny (a) that Defendants were served personally with the Complaint in accordance with the Federal Rules; (b) that

Defendants knew they needed to respond to the Complaint in a timely manner or (c) that Defendants were served in accordance with this Court's Individual Practices with additional notice of Marino's intention to file the Motion. *See generally*, Palladino Aff. and Sahid Aff.

The Second Circuit has made clear that "willfulness" requires a showing of "deliberate" conduct on the part of the defaulting party. *New York v. Green*, 420 F.3d 99, 108 (2d Cir.2005). Here, Defendants do not deny that their failure to file an answer was anything but deliberate. In fact, it seems obvious that Defendants' failure to file an answer to the Complaint was a deliberate act based upon their mistaken (and unfounded) belief that the case would settle and would thereafter be dismissed. Palladino Aff. ¶3. Moreover, Defendants do not even try to explain why they did not file an answer once they had been served with the aforementioned requisite additional notice. Service of this notice obviously made it very clear that this case was not going to settle or be dismissed. At bottom, and based upon the foregoing, there is ample ground upon which this Court may conclude that Defendants' failure to plead or otherwise defend in response to the Complaint was willful.

    **B.**    **Marino Will Be Prejudiced By An Order Vacating The Certificate of Default**

Marino will be irreparably prejudiced by an order vacating the Certificate of Default. Defendants do not contend otherwise. *See generally*, Palladino Aff. and Sahid Aff. This is a simple note and guaranty case wherein the Defendants cannot deny (a) that they have failed to make the requisite payment due thereunder to Marino or (b) that they are liable to Marino for the amount sought in Complaint. *Id.* In other words, if the Certificate of Default is vacated or if the Motion is denied, Marino will be forced to engage in discovery concerning facts which are not in dispute. As such, he will be irreparably prejudiced by an order vacating the Certificate of Default.

C.  **Defendants Are Unable To Establish A Meritorious Defense In Response To Marino's Claims**

Even if this Court concludes that the failure to timely respond to the Complaint was not willful and that Marino will not be prejudiced by an order vacating default, Defendants are clearly unable to establish the existence of a meritorious defense. It is well-settled that a defendant seeking to vacate a default must present a meritorious defense consisting of "some evidence beyond conclusory denials." *Brown v. Gabbidon*, 2007 WL 1423788 *4 (S.D.N.Y. 2007), *quoting*, *Enron* at 320-321. Importantly, the "existence of a meritorious defense is a critical factor because, without a valid defense, there is no point in setting aside [a default.]" *Id*. Nothing in the Defendants' opposition to the Motion (which consists of two bare-boned and self-serving affidavits) even purports to identify any particular evidence which could possibly support a meritorious defense. As such, there is "no point" in vacating the Certificate of Default.

Defendants apparently rely upon the conclusory denials set forth in the Palladino Aff. (and a vague reference in the Palladino Aff. to Defendants' untimely general denial answer) in a futile attempt to establish the existence of a meritorious defense. This is clearly insufficient. By their opposition to the Motion, Defendants cannot and do not proffer any evidence whatsoever to suggest (let alone establish) (a) that GCHM did not execute the Note (as that term is defined in the Complaint); (b) that Palladino did not execute the Guaranty (as that term is defined in the Complaint); (c) that GCHM defaulted under the terms of the Note by failing to pay the Maturity Payment (as that term is defined in the Complaint) to Marino when due; or (d) that GCHM and Palladino (by reason of the Guaranty) are jointly and severally liable to Marino in an amount equal to $3,254,443.77, plus interest. Neither the Palladino Aff. nor the Defendants'

untimely answer contains any such evidence because none exists. As such, and for this reason alone, the Motion should be granted. *Id.* at *4 ("[d]efendant's failure to articulate a meritorious defense dooms the defendant's motion" to vacate a default).

## CONCLUSION

As such, and by reason of the foregoing, it is respectfully submitted that the Motion be granted in its entirety.

DAY PITNEY LLP
Attorneys for Plaintiff Richard Marino

By: _____
Michael H. Levison, Esq. (ML 8303)

7 Times Square
New York, NY 10036-7311
Telephone:   (212) 297-5800
Facsimile:    (212) 916-2940