UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD MARINO,                        :

                  **Plaintiff,**    :    **Case No.  07-cv-7726 (RJH)(DFE)**

v.                                     :    **ECF CASE**

**GLOBAL CAPITAL HOLDINGS**            :    **AFFIDAVIT OF RICHARD MARINO IN**
**MANAGEMENT, LLC and JOSEPH**              **SUPPORT OF MOTION TO ENTER**
**PALLADINO,**                         :    **JUDGMENT**

             **Defendants.**   :

                                    :

                                    :

                                    :

Pursuant to 28 U.S.C. § 1746, **RICHARD MARINO**, states as follows:

    1.    I am the plaintiff in the above-captioned Action and, as such, I am fully familiar with the facts and circumstances of this Action, and have in my possession all papers and documents in connection therewith.

    2.    I submit this Affidavit in support of this motion for an Order, pursuant to the terms of this Court's Agreed Order For Dismissal dated January 3, 2008 and the terms of the Settlement Agreement (as that term is defined below), (a) re-opening this Action and (b) entering Judgment against Defendants Global Capital Holdings Management, LLC ("GCHM") and Joseph Palladino ("Palladino" and together with GCHM, the "Defendants"), jointly and severally, in the amount of $3,500,000.00, plus post-judgment interest from the date of entry of Judgment at the federal rate set forth in 28 U.S.C. §1961.

    3.    I have personal knowledge of the facts set forth in this Affidavit, except for those matters stated on information and belief, and as to those matters, I believe my information to be true and correct. If called as a witness, I could and would testify to the matters set forth herein.

4.    In preparation of this Affidavit, I have reviewed all of my business records relating to all transactions and events which are the subject matter of this Action.

## The Settlement Agreement

5.    On or about December 17, 2007, Marino and the Defendants entered into that certain Settlement Agreement dated as of December 17, 2007 (the "Settlement Agreement"). (A true and correct copy of the Settlement Agreement is annexed hereto as **Exhibit "1"** and is incorporated herein by reference.)

6.    The Settlement Agreement provides, *inter alia*, that, on or before **January 31, 2008**, the Defendants were to pay to Marino the sum of Six Hundred Thousand U.S. Dollars ($600,000.00), by delivering said funds via certified or bank check and via overnight delivery to Richard Marino, c/o Michael H. Levison, Esq., Day Pitney LLP, 7 Times Square, 19th Floor, New York, New York, 10036 (the "Initial Payment"). (*See* Settlement Agreement at ¶1.2)

7.    The Settlement Agreement also provides that a failure to make the Initial Payment when due shall constitute and Event of the Default thereunder. (*See* Settlement Agreement at ¶1.17)

8.    Moreover, the Settlement Agreement provides that "in the event that the [Defendants] fail to cure an Event of Default within ten (10) calendar days after written notice is delivered pursuant to [the terms of the Settlement Agreement]," Marino may move "to re-open the Action and to enter Judgment [(in the form annexed to the Settlement Agreement)] in accordance with the terms of [that certain] Stipulation of Judgment" executed by the Defendants. (*See* Settlement Agreement at ¶¶1.16, 1.18)

## The Stipulation to Judgment

9.    On or about December 20, 2007 and in accordance with the terms of the Settlement Agreement, the Defendants executed that certain Stipulation to Judgment. (A true

and correct copy of the executed Stipulation of Judgment is annexed hereto as **Exhibit "2"** and is incorporated herein by reference.)

10.    The Stipulation to Judgment provides, *inter alia*, that Marino and the Defendants stipulate to entry of a Judgment in favor of Marino against the Defendants, jointly and severally, in the amount of $3,500,000.00, plus post-judgment interest from the date of entry of Judgment at the federal rate set forth in 28 U.S.C. §1961. (*See* Stipulation to Judgment at ¶1)

## The Default

11.    The Defendants defaulted under the terms of the Settlement Agreement by failing to pay the Initial Payment to me when due (the "Default").

12.    The Default constituted an Event of Default under the terms of the Settlement Agreement. (*See* Settlement Agreement at ¶1.17)

## Notice of Default

13.    Upon information and belief, on February 2, 2008, my attorney delivered a Notice of Default to Defendants in accordance with the terms of the Settlement Agreement. (*See* Settlement Agreement at ¶1.20) (A true and correct copy of the Notice of Default is annexed to the accompanying Affidavit of Michael H. Levison, Esq. of Day Pitney LLP as Exhibit "C" and is incorporated herein by reference.)

14.    As such, pursuant to the terms of the Settlement Agreement, the Defendants were required to cure the Event of Default by no later than February 11, 2008. (*See* Settlement Agreement at ¶1.18)

15.    To date, the Defendants have failed to pay the Initial Payment and, as such, have failed to cure the Event of Default.

3

**Entry of Judgment**

16.    The Defendants have not made any payment to me subsequent to the execution of the Stipulation to Judgment.

17.    As such and in accordance with the terms of the Agreed Order, Settlement Agreement and the Stipulation to Judgment, I am entitled to the entry of Judgment in my favor and against the Defendants, jointly and severally, in the amount of $3,500,000.00, plus post-judgment interest from the date of entry of Judgment at the federal rate set forth in 28 U.S.C. §1961 and in the form annexed to the Settlement Agreement. (*See* Settlement Agreement at ¶1.18)

18.    I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

RICHARD MARINO

Executed on

__ day of February, 2008

EXHIBIT 1

EXECUTION COPY

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into as of this 17th day of December, 2007 (the "Execution Date") by and among Richard Marino ("Marino"), on the one hand and Global Capital Holdings Management, LLC ("GCHM") and Joseph Palladino ("Palladino"), on the other hand. Marino, GCHM and Palladino are jointly referred to as the "Parties" and each individually as a "Party."

## RECITALS

**WHEREAS**, in or about June 2007, for good and valuable consideration, GCHM entered into that certain Promissory Note dated as of August 24, 2006 (as at any time amended, the "Note") with Marino, pursuant to which GCHM agreed, *inter alia*, to pay Marino the principal sum of $2,900,000.00, with interest thereon at 10% per annum;

**WHEREAS**, the Note provides, *inter alia*, that the entire principal balance due under the Note, plus accrued and unpaid interest thereon, shall be due and payable on July 10, 2007 (the "Maturity Date") and provides that a default would occur thereunder, *inter alia*, if GCHM should fail to make the required payment due under the Note on the Maturity Date (the "Maturity Payment");

**WHEREAS**, the Note also provides that, upon the occurrence of a default thereunder, the interest rate thereafter would increase to 12% per annum (the "Default Rate");

**WHEREAS**, in or about June 2007, and in order to induce Marino to enter into the Note and for other good and valuable consideration, Palladino executed and delivered to Marino a Guaranty dated as of August 24, 2006 (the "Guaranty"), wherein Palladino, *inter alia*, unconditionally and absolutely guaranteed to Marino, all payment and performance obligations of GCHM under the Note;

**WHEREAS**, Marino has alleged that GCHM defaulted under the terms of the Note by, *inter alia*, failing to pay the Maturity Payment to Marino when due (the "Default");

**WHEREAS**, Marino has alleged, *inter alia*, that, as of December 14, 2007, GCHM and Palladino (collectively, the "Debtors") were jointly and severally liable to Marino in the amount of $3,310,347.17 (including past due and accrued interest in the amount of $410,347.17), plus interest which shall accrue thereafter at the Default Rate;

**WHEREAS**, on or about August 30, 2007, Marino brought certain claims against the Debtors in the United States District Court for the Southern District of New York (the "District Court"), civil case number 07-cv-7726 (the "Action"), as set forth in that certain Complaint dated August 28, 2007 and filed with the District Court (the "Complaint");

**WHEREAS**, on or about November 8, 2007, the Debtors filed that certain Answer dated November 8, 2007 in the Action whereby the Debtors denied Marino's claims as set forth in the Complaint;

EXECUTION COPY

          **WHEREAS**, the Parties desire to compromise and settle all disputes and controversies among them, including but not limited to the disputes and controversies set forth above, on the terms set forth in this Agreement;

          **NOW, THEREFORE**, in consideration of the recitals, covenants, general releases, and agreements contained in this Agreement, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

## I.    SETTLEMENT TERMS

         1.1    <u>Recitals.</u>  Each of the Recitals is true and correct and is incorporated herein by reference.

         1.2    <u>Initial Payment.</u>    On or before January 31, 2008, the Debtors shall pay to Marino the sum of Six Hundred Thousand U.S. Dollars ($600,000.00), by delivering said funds via certified or bank check and via overnight delivery to Richard Marino, c/o Michael H. Levison, Esq., Day Pitney LLP, 7 Times Square, 19th Floor, New York, New York, 10036 (the "<u>Initial Payment</u>").

         1.3    <u>Second Payment.</u>    On or before April 1, 2008, the Debtors shall pay to Marino the sum of Seven Hundred Sixty-Six Thousand Six Hundred and Sixty-Six U.S. Dollars ($766,666.00), by delivering said funds via certified or bank check and via overnight delivery to Richard Marino, c/o Michael H. Levison, Esq., Day Pitney LLP, 7 Times Square, 19th Floor, New York, New York, 10036 (the "<u>Second Payment</u>").

         1.4    <u>Third Payment.</u>    On or before July 1, 2008, the Debtors shall pay to Marino the sum of Seven Hundred Sixty Six Thousand Six Hundred and Sixty-Six U.S. Dollars ($766,666.00), by delivering said funds via certified or bank check and via overnight delivery to Richard Marino, c/o Michael H. Levison, Esq., Day Pitney LLP, 7 Times Square, 19th Floor, New York, New York, 10036 (the "<u>Third Payment</u>").

         1.5    <u>Fourth Payment.</u>    On or before October 1, 2008, the Debtors shall pay to Marino the sum of Seven Hundred Sixty Six Thousand Six Hundred and Sixty-Eight U.S. Dollars ($766,668.00), by delivering said funds via certified or bank check and via overnight delivery to Richard Marino, c/o Michael H. Levison, Esq., Day Pitney LLP, 7 Times Square, 19th Floor, New York, New York, 10036 (the "<u>Fourth Payment</u>" and together with the Second Payment, Third Payment, the "<u>Additional Payments</u>").

         1.6    <u>The Initial Payment and the Additional Payments.</u>  The sum of the Initial Payment and the Additional Payments represents the $2,900,000.00 principal balance due and owing to Marino as of the Execution Date (the "<u>Principal Balance</u>").

         1.7    <u>Interest Payment.</u>    On or before December 31, 2008, the Debtors shall pay to Marino the sum of Five Hundred Seventy Three Thousand Five Hundred and Thirty-Four and 72/100 U.S. Dollars ($573,534.72), by delivering said funds via certified or bank check and via overnight delivery to Richard Marino, c/o Michael H. Levison, Esq., Day Pitney LLP, 7 Times Square, 19th Floor, New York, New York, 10036 (the "<u>Interest Payment</u>"). The Interest

**EXECUTION COPY**

Payment is comprised of (a) all including past due and accrued interest as of December 14, 2007 (the "Past Due Interest") and (b) all interest which shall accrue after December 14, 2007 through and including December 31, 2008 at the Default Rate (the "Future Interest").

1.8     Interest Calculation. For the avoidance of doubt, the Interest Payment was calculated (a) on the basis of a 360 day year; (b) assuming that the Debtors do not elect to pre-pay the various amounts due to Marino under the terms of this Agreement before they are otherwise due in accordance with Paragraph 1.8 of this Agreement; (c) that each of the Initial Payment, Additional Payments and the Interest Payment is paid when due and in accordance with the terms of this Agreement. For the further avoidance of doubt, as of December 14, 2007, the Past Due Interest was in the amount of $410,347.17. For the further avoidance of doubt, the Future Interest shall accrue on the Principal Balance then due and owing at the Default Rate.

1.9     Pre-Payment     The Parties agree that the Debtors, at their sole option, may elect to pre-pay the Additional Payments, if they pay to Marino (a) all of the remainder of the Principal Balance due and owing as of the date of the Debtors' pre-payment; (b) all Past Due Interest; (c) all Future Interest due and owing as of the date of the Debtors' pre-payment; and (d) and any other amounts due and owing under this Agreement as of the date of the Debtors' pre-payment. If the Debtors choose to exercise their option to pre-pay all of the then remaining Additional Payments in accordance with this Paragraph 1.9, they shall give Marino ten (10) calendar days written notice delivered pursuant to Paragraph 1.20 of this Agreement. Within five (5) calendar days of receipt of any such notice, Marino shall provide the Debtors with a written statement of all amounts due and owing under the terms of this Agreement.    The Parties also agree that the Debtors shall forever waive their right to pre-pay in accordance with this Paragraph 1.9, if they fail to cure an Event of Default (as that term is hereinafter defined) in accordance with the terms of this Agreement.

1.10     Late Fee.     If any of the Initial Payment, Additional  Payments or the Interest Payment is not received by Marino when due and/or in its entirety, the Debtors shall pay to Marino the sum of Ten Thousand U.S. Dollars ($10,000.00) (a "Late Fee") for each and every occurrence.  The Late Fee is not a penalty but is to compensate Marino for the costs, including attorneys' fees and costs, associated with the Debtors' failure to make the Initial Payment, Additional Payment and/or an Interest Payment in accordance with the terms of this Agreement and in a timely fashion. Each Late Fee shall be due and payable within ten (10) calendar days after demand is delivered pursuant to Paragraph 1.20 of this Agreement.

1.11     Fraudulent Transfers and Charitable Contributions. Each of the Debtors agrees that, at all times until such time the Debtors have fully and indefeasibly paid to Marino all amounts due under terms of this Agreement, they shall not sell, encumber, transfer, dispose of or otherwise convey any asset in which any of them has any interest, and which is valued at over $5,000.00, including but not limited to real property, equipment, cash and/or securities, other than for fair and reasonable consideration and in the ordinary and regular course, including payments to creditors in the ordinary and regular course, excluding family gifts and/or charitable contributions made in good faith and which do not exceed $10,000.00.

1.12     Asset Affidavits. Within ten (10) calendar days of the Execution Date, each of the Debtors shall provide Marino with a full, truthful and complete statement with

**EXECUTION COPY**

respect to their respective financial conditions (including full disclosure regarding all assets, contingent assets, liabilities and contingent liabilities) in the form of an affidavit sworn to under the penalty of perjury (the "Asset Affidavit"). Each of the Debtors shall provide Marino with an updated Asset Affidavit on or before April 1, 2008, July 1, 2008, October 1, 2008 and December 15, 2008. If either of the Debtors' financial condition undergoes a material change at any time while either of the Debtors owes Marino any amount under the terms of this Agreement, the Debtors shall provide Marino with an updated Asset Affidavit within fourteen (14) calendar days of any such material change.

1.13    Marino Releases.    In exchange for the consideration set forth in this Agreement, and on the ninety-first (91st) day after Marino's receipt of all monies due to Marino under the terms of this Agreement and the honoring thereof in their entirety, Marino for himself, his successors and assigns and representatives of any kind, if any, and for all those who may have the right to claim by, through, or under Marino (collectively, the "Marino Releasing Parties"), shall deemed to have to the fullest extent possible released, acquited, and forever discharged each of the Debtors (collectively, the "Debtor Released Parties"), jointly and severally, from and against any and all claims, disputes, liabilities, suits, demands, liens, actions, administrative proceedings, and causes of action of every kind and nature, including based upon fraud or any type or form of relief, and from all damages, injuries, losses, contributions, indemnities, compensation, obligations, costs, attorneys' fees and expenses of whatever kind and character, whether past, present or future, known or unknown, fixed or contingent, whether in law or in equity, whether asserted or unasserted, whether sounding in tort or in contract, accrued or unaccrued, which any of the Marino Releasing Parties have or might claim to have against any of the Debtor Released Parties as of the Execution Date, provided that nothing in this Agreement shall release or affect in any way any claims, rights or obligations any Party has under this Agreement.

1.14    The Debtors' Releases.    In exchange for the consideration set forth in this Agreement, each of the Debtors for themselves, their successors and assigns and representatives of any kind, if any, and for all those who may have the right to claim by, through, or under any of the Debtors (collectively, the "Debtor Releasing Parties"), shall and hereby do to the fullest extent possible release, acquit, and forever discharge Marino, together with his general or limited partners, employees, agents, attorneys, trustees, trusts, trustors, settlors, accountants, insurers, predecessors, successors, assigns, heirs, administrators, executors, supervisors, and representatives of any kind, if any, (collectively, the "Marino Released Parties"), jointly and severally, from and against any and all claims, disputes, liabilities, suits, demands, liens, actions, administrative proceedings, and causes of action of every kind and nature, including based upon fraud or any type or form of relief, and from all damages, injuries, losses, contributions, indemnities, compensation, obligations, costs, attorneys' fees and expenses of whatever kind and character, whether past, present or future, known or unknown, fixed or contingent, whether in law or in equity, whether asserted or unasserted, whether sounding in tort or in contract, accrued or unaccrued, which any of the Debtor Releasing Parties have or might claim to have against any of the Marino Released Parties as of the Execution Date, provided that nothing in this Agreement shall release or affect in any way any claims, rights or obligations any Party has under this Agreement.

**EXECUTION COPY**

1.15   <u>Agreed Order of Dismissal</u>.   Concurrent with the execution of this Agreement, the Parties shall jointly request that the District Court agree to retain jurisdiction of the Action in order to enforce the terms of this Agreement and to enter the Agreed Order For Dismissal Without Prejudice (the "<u>Agreed Order of Dismissal</u>") in the form annexed hereto as **Exhibit "A"** and incorporated herein by reference.

1.16   <u>Stipulation to Judgment</u>.   Concurrent with the execution of this Settlement Agreement, each of the Debtors shall execute that certain Stipulation to Judgment in the amount of Three Million Five Hundred Thousand U.S. Dollars ($3,500,000.00) in the form attached hereto as **Exhibit "B"** and incorporated herein by reference (the "Stipulation to Judgment").

1.17   <u>Event of Default</u>.   An event of default (an "Event of Default") shall be deemed to have occurred under this Agreement if any of the Parties breaches any term of this Agreement, including without limitation, if the Debtors fail to make any of the Initial Payment, any of the Additional Payments and/or the Interest Payment when due.   The failure of any Party to declare an Event of Default upon breach of this Agreement, shall not constitute a waiver or estoppel with respect to said Event of Default, any future Event of Default or any other breach.

1.18   <u>Remedies</u>.   In the event the Debtors fail to cure an Event of Default within ten (10) calendar days after written notice is delivered pursuant to <u>Paragraph 1.20</u> of this Agreement (the "Notice of Default"), in addition to all other rights and remedies that Marino may have, Marino (a) may move the District Court to re-open the Action and to enter the Judgment (in the form attached hereto as **Exhibit "C"** and incorporated by reference) in accordance with the terms of the Stipulation to Judgment and (b) take any and all actions and steps legally available to enforce and recover on the Judgment, and shall not be limited in any way, including by any election of remedies defense, which the Debtors hereby expressly waive, all without further notice to any of the Debtors.

1.19   <u>Attorneys' Fees</u>.   In the event the Debtors fail to cure an Event of Default in a timely manner in accordance with <u>Paragraph 1.18</u> this Agreement, the Debtors shall pay to Marino, without limitation, all of Marino's costs and expenses, including reasonable attorneys' fees, arising out of and after the Debtors' failure to timely cure said Event of Default, including but not limited to the costs and expenses and reasonable attorneys' fees incurred in connection with the collection of any and all amounts due to Marino pursuant to the terms of any Judgment entered in accordance with <u>Paragraph 1.18</u> of this Agreement and/or otherwise due to Marino under the terms of this Agreement.

1.20   <u>Notice</u>.   Any Notice of Default or other correspondence written in connection with this Agreement shall be sent, if directed to Marino, via e-mail to mlevison@daypitney.com and via facsimile to Michael H. Levison, Esq., c/o Day Pitney LLP, 7 Times Square, New York, New York 10036, Facsimile: 212-916-2940 and if to any of the Debtors, via e-mail to jpalladino@mac.com and via facsimile to Joseph Palladino, Facsimile: 215-243-7518 or to such changed person, address or facsimile number as provided by a Party in accordance with the terms of this Agreement.

**EXECUTION COPY**

## MISCELLANEOUS PROVISIONS

1.21    Litigation and Attorneys' Fees, Expenses, and Costs.  The Parties agree that all Parties shall be solely responsible for their own respective litigation fees, attorneys' fees, expenses, and other costs incurred in connection with the disputes and controversies set forth above, including but not limited to the Action.

1.22    Acknowledgement of Mutual Compromise and Valuable Consideration. The Parties hereby acknowledge and agree that the exchanges and releases set forth in this Agreement reflect a mutual compromise and constitute an exchange of valuable consideration.

1.23    Representations and Warranties by Parties.  The Parties hereby represent and warrant that (i) they are not relying upon any statements, understandings, valuations, representations, expectations, inducements or agreements other than those expressly set forth in this Agreement (ii) they have been represented and advised by counsel in connection with this Agreement and the releases contained herein, (iii) they have entered into the Agreement voluntarily and of their own choice and not under coercion or duress, and (iv) they have made their own investigation of the facts and are relying upon their own knowledge and the advice of counsel.  The Parties further agree and stipulate that this Agreement shall not be construed against any Party as the drafter thereof, that all provisions of this Agreement have been negotiated by the Parties at arms' length, and that no Party shall be deemed the scrivener of this Agreement.  The Parties agree and direct that the rule of contract construction providing that ambiguous contract terms should be interpreted against the drafting party shall not apply nor be applied to this Agreement.

1.24    No Admission of Fault or Liability.  This Agreement is made to terminate any and all controversies, real or potential, asserted or unasserted, and claims for injuries or damages of any nature whatsoever, real or potential, asserted or unasserted, between the Parties with respect to the matters settled hereby.  Neither the execution and delivery of this Agreement, nor compliance with its terms, shall constitute an admission of any fault or liability on the part of any of the Parties, or any of their respective agents, attorneys, representatives, or employees. None of the Parties to this Agreement admit fault or liability of any sort and, in fact, all Parties expressly deny fault and liability.

1.25    Governing Law/Jurisdiction.  THIS AGREEMENT, AND THE RIGHTS AND DUTIES OF THE PARTIES HEREUNDER AND IN RELATION HERETO, WILL BE GOVERNED BY AND CONSTRUED, ENFORCED AND PERFORMED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO PRINCIPLES OF CONFLICTS OF LAWS THAT WOULD REQUIRE THE APPLICATION OF LAWS OF ANOTHER JURISDICTION.

1.26    Consent to Venue/Jurisdiction.  ANY LEGAL ACTION, SUIT OR PROCEEDING RELATING TO THIS AGREEMENT SHALL BE BROUGHT IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, AND, BY EXECUTION AND DELIVERY OF THIS AGREEMENT, THE PARTIES HERETO HEREBY ACCEPT FOR THEMSELVES AND IN RESPECT OF THEIR

**EXECUTION COPY**

PROPERTY, GENERALLY AND UNCONDITIONALLY, THE EXCLUSIVE JURISDICTION AND VENUE OF THE AFORESAID COURTS AND IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING RELATING TO THIS AGREEMENT. THE PARTIES HERETO HEREBY IRREVOCABLY WAIVE, IN CONNECTION WITH ANY SUCH SUIT, ACTION OR PROCEEDING TO THE EXTENT THEY MAY EFFECTIVELY DO SO UNDER APPLICABLE LAW, ANY OBJECTION, INCLUDING ANY OBJECTION TO THE LAYING OF VENUE OR BASED ON THE GROUNDS OF FORUM NON CONVENIENS OR PERSONAL JURISDICTION, WHICH THEY MAY NOW OR HEREAFTER HAVE TO THE BRINGING OF ANY SUCH ACTION OR PROCEEDING IN SUCH RESPECTIVE JURISDICTIONS.

   1.27   <u>Further Assurances and Cooperation</u>.   The Parties shall execute, acknowledge, deliver, or cause to be executed, acknowledged, or delivered, all further documents, and take all acts or cause such acts to be taken, as shall be reasonably necessary or convenient to carry out the provisions of this Agreement.

   1.28   <u>Entire Agreement and Integration Clause</u>. This Agreement integrates the whole of all agreements and understandings of any sort or character between the Parties concerning the subject matter of the Agreement and supersede all prior negotiations, discussions, or agreements of any sort whatsoever, whether oral or written, relating thereto.   THERE ARE NO UNWRITTEN, ORAL, OR VERBAL UNDERSTANDINGS, AGREEMENTS, OR REPRESENTATIONS OF ANY SORT WHATSOEVER, IT BEING STIPULATED THAT THE RIGHTS OF THE PARTIES HERETO AGAINST ANY OPPOSING PARTY HERETO SHALL BE GOVERNED EXCLUSIVELY BY THIS AGREEMENT.

   1.29   <u>Amendments in Writing</u>.   This Agreement may only be amended or modified in writing.  No waiver of any breach of this Agreement shall be construed as an implied amendment or agreement to amend or modify any provision of this Agreement.

   1.30   <u>No Waiver</u>.  The failure by any of the Parties to enforce at any time, or for any period of time, any one or more of the terms or conditions of this Agreement, or a course of dealing between the Parties, shall not be a waiver of such terms or conditions or of such Party's right thereafter to enforce each and every term and condition of this Agreement.

   1.31   <u>Construction</u>.  Words used in this Agreement that are either singular or plural shall be construed to include the other where appropriate.  Headings are for convenience only and shall not limit, expand, affect, or alter the meaning of any text.

   1.32   <u>Multiple Counterparts and Facsimile or Electronic Signatures</u>.  This Agreement may be signed in multiple counterparts, and when each Party has signed a counterpart hereof, each such counterpart shall be a binding and enforceable agreement as an original.  In addition, this Agreement may be executed by facsimile or electronic signatures, and such facsimile or electronic signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail, although it is the Parties' intentions to deliver original signatures after delivery of facsimile or electronic signatures.

**EXECUTION COPY**

      1.33   <u>Binding on Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors and assigns and is enforceable against them in accordance with its terms.

      THE UNDERSIGNED HAVE CAREFULLY READ THE FOREGOING AGREEMENT AND MUTUAL RELEASE, KNOW THE CONTENTS THEREOF, FULLY UNDERSTAND IT, AND SIGN THE SAME AS ITS OWN FREE ACT.

RICHARD MARINO, individually

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

**EXECUTION COPY**

GLOBAL CAPITAL HOLDINGS
MANAGEMENT, LLC

By: _____

    Name: Joseph Palladino
    Title: Director


JOSEPH PALLADINO, individually

_____


**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

EXECUTION COPY

EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **RICHARD MARINO,** | : | |
| **Plaintiff,** | : | **Case No.  07-cv-7726 (RJH)(DFE)** |
| **v.** | : | **ECF CASE** |
| **GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC and JOSEPH PALLADINO,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## AGREED ORDER FOR DISMISSAL

Plaintiff Richard Marino ("Marino"), Global Capital Holdings Management, LLC ("GCHM") and Joseph Palladino ("Palladino") (hereinafter collectively, the "Parties" and each individually a "Party") hereby agree that:

1.     The above-captioned action is hereby dismissed without prejudice and without costs as against any Party.

2.     The Court shall retain jurisdiction over this action in order to enforce the terms of that certain settlement agreement entered into between the Parties (the "Settlement Agreement").

3.     Marino may move this Court to re-open this action in order to enforce the terms of the Settlement Agreement and to enter Judgment in accordance with the terms of the Settlement Agreement.

Dated:                        _____

HON. RICHARD J. HOWELL
UNITED STATES DISTRICT COURT JUDGE

**EXECUTION COPY**

## EXHIBIT "B"

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **RICHARD MARINO,** | : | |
| **Plaintiff,** | : | **Case No.  07-cv-7726 (RJH)(DFE)** |
| **v.** | : | **ECF CASE** |
| **GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC and JOSEPH PALLADINO,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |
| | : | |

### STIPULATION TO JUDGMENT

Plaintiff Richard Marino ("Marino"), Global Capital Holdings Management, LLC ("GCHM") and Joseph Palladino ("Palladino") hereby stipulate to entry of a Judgment in favor of Marino and against GCHM and Palladino, jointly and severally, as follows:

1.    Marino shall have Judgment against GCHM and Palladino, jointly and severally, in the amount of $3,500,000.00, plus post-judgment interest from the date of entry of Judgment at the federal rate set forth in 28 U.S.C. §1961.

2.    The amount of the Judgment shall be reduced by any payments received by Marino from GCHM and Palladino subsequent to the execution of this Stipulation to Judgment.

**EXECUTION COPY**

Dated: _____          RICHARD MARINO, individually

                                        _____

                                        GLOBAL CAPITAL HOLDINGS
                                        MANAGEMENT, LLC

Dated: _____          By: _____
                                        Name:   JOSEPH PALLADINO
                                        Its _____

                                        JOSEPH PALLADINO, individually

Dated: _____

                                        _____

**EXECUTION COPY**

**EXHIBIT "C"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **RICHARD MARINO,** | : |
| **Plaintiff,** | :    **Case No.   07-cv-7726 (RJH)(DFE)** |
| **v.** | :    **ECF CASE** |
| **GLOBAL CAPITAL HOLDINGS** | |
| **MANAGEMENT, LLC and JOSEPH** | : |
| **PALLADINO,** | : |
| **Defendants.** | : |
| | : |
| | : |

**JUDGMENT**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.      Plaintiff Richard Marino shall have Judgment against Global Capital Holdings

Management, LLC and Joseph Palladino, jointly and severally, in the amount of

$_____.

2.      Post-judgment interest shall accrue on the amount set forth in paragraph 1 at the

rate set forth in 28 U.S.C. §1961.

Dated:                                              _____

HON. RICHARD J. HOWELL
UNITED STATES DISTRICT COURT JUDGE

**PAGE   13**

EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RICHARD MARINO,** | : |
| **Plaintiff,** | :   **Case No.   07-cv-7726 (RJH)(DFE)** |
| **v.** | :   **ECF CASE** |
| **GLOBAL CAPITAL HOLDINGS MANAGEMENT, LLC and JOSEPH PALLADINO,** | : |
| **Defendants.** | : |
| | : |
| | : |
| | : |

### STIPULATION TO JUDGMENT

Plaintiff Richard Marino ("Marino"), Global Capital Holdings Management, LLC ("GCHM") and Joseph Palladino ("Palladino") hereby stipulate to entry of a Judgment in favor of Marino and against GCHM and Palladino, jointly and severally, as follows:

1.    Marino shall have Judgment against GCHM and Palladino, jointly and severally, in the amount of $3,500,000.00, plus post-judgment interest from the date of entry of Judgment at the federal rate set forth in 28 U.S.C. §1961.

2.    The amount of the Judgment shall be reduced by any payments received by Marino from GCHM and Palladino subsequent to the execution of this Stipulation to Judgment.

Dated: _____12/17/07_____

RICHARD MARINO, Individually

_____

GLOBAL CAPITAL HOLDINGS
MANAGEMENT, LLC

Dated: _____12/20/07_____

By: _____
Name: JOSEPH PALLADINO
Its _____

JOSEPH PALLADINO, individually

Dated: _____12/20/07_____

_____

2